IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL BRECHT,

    Plaintiff,                                              No. CIV S-05-0859 KJM

    vs.

BNSF RAILWAY COMPANY,                 <u>ORDER</u>

    Defendant.

_____/

        Defendant's motion for leave to file a third party complaint came on regularly for hearing on September 21, 2005. Fred Diamondstone and Bess Brewer appeared for plaintiff. Jacob Flesher appeared for defendant. Upon review of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        Plaintiff is a railway worker bringing a claim against defendant, his employer, based on the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 *et. seq*. Defendant seeks leave to file a third party complaint against Harsco Corporation and 100 fictitious defendants. Plaintiff asserts that defendant has erred in drafting the third party complaint by seeking apportionment. Plaintiff also objects to the naming of 100 fictitious third party defendants.

1

In a FELA action, "so long as the injury was caused in whole or in part by its negligence," the employer cannot seek apportionment. Norfolk and Western Ry. Co. v. Ayers, 538 U.S. 135, 161 (2003).  Rather than put the burden on the plaintiff to collect from multiple defendants, the Court in Ayers recognized that the purpose of FELA was to put the burden on the employer to seek contribution and indemnity.  Id. at 141.  Defendant, in the instant case, cannot seek apportionment but may seek contribution and indemnity as to third party defendants in the third party complaint.

Additionally, DOE pleading is not provided for in federal court.  Fed. R. Civ. P. 15.  Defendant, in the instant case, therefore cannot name as third party defendants ROES 1-100.  However, defendant may seek leave to amend to add additional third party defendants in compliance with Rule 15.

On October 3, 2005, defendant filed a third party complaint which complies in part with this order.  However, paragraph seven of the third party complaint seeks to limit the third party plaintiff's liability to plaintiff only in an amount proportionate to its fault.  This paragraph transgresses the bar on apportionment and must be stricken.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1) Defendant's motion for leave to file third party complaint is granted in part;

2) Within fourteen days from the date of this order, defendant may file a new amended third party complaint.  Said complaint may not contain any reference to apportionment or seek to limit defendant's liability to its proportionate fault or name ROE third party defendants.

DATE: October 20, 2005.

_____
UNITED STATES MAGISTRATE JUDGE