IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL BRECHT,

    Plaintiff,                   No. CIV S-05-0859 KJM

    vs.

BNSF RAILWAY COMPANY,

    Defendant.                <u>ORDER</u>

_____/

        Plaintiff's motion to compel came on regularly for hearing December 7, 2005. Fred Diamondstone appeared telephonically for plaintiff. Jamie Pearson appeared telephonically for defendant. Mary Stewart appeared for the third party defendant. Upon review of the documents in support and opposition, upon <u>in camera</u> review of the report of Richard Bellew dated November 22, 2002, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AND ORDERS AS FOLLOWS:

        1. With respect to the third party defendant, initial disclosures under Federal Rule of Civil Procedure 26 shall be made within thirty days from the date of this order.

        2. The dates set forth in the October 21, 2005 scheduling order, as modified by the December 2, 2005 order, are confirmed. Any request by the third party defendant for modification of said dates shall be made within thirty days from the date of this order.

1    3. Any consent by the third party defendant to proceed before the magistrate
2 judge under 28 U.S.C. § 636(c) shall be made within thirty days from the date of this order.
3 Absent the filing of such consent, the action will be referred back to the Honorable William B.
4 Shubb, the district judge initially assigned to this action.
5    4. Plaintiff's motion to compel is granted. Within twenty days from the date of
6 this order, defendant BNSF shall produce the following, for copying and inspection:
7    a. Telephone numbers of lower level, nonmanagement employees that
8 have previously been identified by defendants in discovery. See Snider v. Superior Court, 113
9 Cal. App. 4th 1187 (4th Dist. 2003).
10    b. The report of Richard Bellew dated November 22, 2002. Defendants
11 have not met the burden of demonstrating that the claimed self critical analysis privilege warrants
12 nondisclosure in the circumstances of this case. See Dowling v. American Hawaii Cruises, 971
13 F.2d 423 (9th Cir. 1992); see also Villa v. Burlington Northern and Santa Re Railway Company,
14 397 F.3d 1041 (8th Cir. 2005).
15    c. Documents responsive to plaintiff's first request for production, nos.
16 37-40. Said production shall be accompanied by affidavit(s) of defendant's employee(s) who
17 have undertaken the search for responsive documents, setting forth in detail the measures they
18 personally have taken to find all responsive documents.
19    d. The job description pertaining to plaintiff's position of employment
20 with defendant, as described by defense counsel at the hearing on the motion to compel.
21 /////
22 /////
23 /////
24 /////
25 /////
26 /////

1    5. Plaintiff's November 10, 2005 motion to seal is granted in part.  The
2 documents proposed by plaintiff for sealing (the Declaration of Plaintiff's Counsel in Support of
3 Motion to Compel Discovery signed November 9, 2005 with exhibits) shall be maintained under
4 seal for ninety days and shall thereafter be unsealed.
5    6. The Clerk of the Court is directed to seal the documents described in
6 paragraph 5 above until further order of court.
7 DATED:  December 8, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

006 brecht2.oah